UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CRIMINAL ACTION NO.: 0:19-CR-012

UNITED STATES OF AMERICA                                            PLAINTIFF

V.                    **SENTENCING MEMORANDUM**

DALE ALLEN FRALEY                                              DEFENDANT

Comes now the Defendant, Dale Allen Fraley, by counsel, and hereby submits the following sentencing memorandum setting forth factors the Court should consider in determining the type and length of sentence sufficient, but not greater than necessary, to comply with the applicable law set forth in 18 U.S.C. § 3553(a), *U.S. v. Booker*, 543 U.S. 220 (2005) and *U.S. v. Fanfan*, 542 U.S. 963 (2004). This matter is before the Court for sentencing as a result of the Defendant being found guilty at the conclusion of a jury trial of 5 counts of production of child pornography, a violation of 18 U.S.C. § 2251(a), 4 counts of receipt of child pornography, a violation of 18 U.S.C. § 2252(a)(2), 1 count of distribution of child pornography, a violation of 18 U.S.C. § 2252(a)(2), and 1 count of possession of child pornography, a violation of 18 U.S.C. § 2252(a)(4)(B), In support hereof, Defendant relies upon the following discussion of applicable law, relevant facts and circumstances which have important bearing upon consideration of a just sentence in this matter.

In United States v. Booker, 543 U.S. 220 (2005), the United States Supreme Court held that the United States Sentencing Guidelines are not a mandatory constraint

on the District Court's sentencing discretion. In <u>Booker</u>, the Supreme Court found the United States Sentencing Guidelines (U.S.S.G.) unconstitutional insofar as it required courts to consider conduct at sentencing that was not proven by the government beyond a reasonable doubt to a jury. As such, the court concluded that the Sentencing Guidelines were simply one of several factors which should be considered pursuant to 18 U.S.C. § 3553(a) in determining an appropriate sentence. As such, the obvious will be stated at the outset.

18 U.S.C. § 3553(a) establishes seven (7) factors that shall be considered by the Court in imposing any sentence. Those factors, and their application to this case, are discussed below:

1. **The nature and circumstances of the offense and the history and characteristics of the defendant;**

Dale was born on May 10, 1971, in Columbus, Ohio to the marital union of Roy Fraley and Bonnie Fraley. Dale resided in Columbus, Ohio until he was in his 30's, then moved with his family to Louisa, Kentucky. Dale had a sister, Tina Griffith, whom he was very close to, but unfortunately she passed away just prior to the start of his trial. He has a half-sister, Veronica Masters, and a half-brother, Eric Malone. During the time frames contemplated in the indictment Dale lived primarily alone in a duplex apartment in downtown Louisa, Kentucky. Dale continued to reside there after his arrest while on bond. His apartment was located within 50 yards of his parents' home. Dale's mother and father are both disabled and as the Court is aware, Dale's mother experienced several extremely serious health issues while this case was pending up to and persisting after the trial.

Dale reports that he lived in a strict home until his father was incarcerated when Dale was within his early teens. During that time, Dale was sexually abused by a family friend and his wife. Dale was forced to have sexual contact with the wife in front of her husband, in addition to performing other acts. This abuse had significant emotional and mental health impacts on Dale which were never fully addressed or properly treated. Dale claims that other than the period of his father's incarceration, his childhood was normal. Dale attended church regularly as a child, and as he grew older, he was always willing and available to help anyone in need.

Dale attended Columbus High School, but unfortunately dropped out when he was in the 10th grade because the school wouldn't accommodate his needs. Dale never went back to receive his high school diploma and he never pursued getting his GED. While Dale has been incarcerated at the Boyd County Detention Center he has requested the opportunity to pursue a GED, but that request has been denied. Dale appears to be possessed of at least average intelligence and has developed skills in computer repair and programming without any formal education or training.

In 2006, Dale married Laura Taylor. They had no children together, but Laura had a daughter, Kayla Fraley, from a previous relationship. Dale and Laura separated in 2012 and were divorced in September 2014. However, Dale has maintained an amicable relationship with Laura and still considers Kayla his daughter. Dale and Kayla also continue to have a good relationship with one another.

Dale suffers from a multitude of medical conditions, which resulted in a determination of Social Security disability benefits. In 2004, Dale began receiving full benefits due to the fact of his deteriorating medical issues. Dale claims that before

receiving any benefits, he had worked a few jobs, one being a collection agent for Columbus Dispatch.

Dale's current physical health is very poor. He has suffered two heart attacks, has diabetes, diverticulitis, high blood pressure, hyperlipidemia and several food allergies. Dale also has spinal degenerative disc disease which have resulted in multiple herniated discs. Not surprisingly, this condition results in significant pain in Dale's back and legs. At times during his incarceration Dale has been provided a wheelchair for mobility. Dale must take several medications daily for his conditions and must be on a strict diet. While incarcerated, Dale claims he has not been receiving medical treatment he needs or a diet of non-allergenic foods. These have combined to worsen his current medical conditions. Over the years, Dale was involved in at least 5 automobile accidents which resulted in multiple injuries. Dale's herniated disks and spinal stenosis cause him severe back pain. Dale claims that he sometimes has to sleep on a concrete floor with no mat and the pain in his back is unbearable. He also had arthroscopic surgery to repair his meniscus and ACL.

During the ages of 13 or 14, Dale briefly attended outpatient counseling for his mental health disorders. Dale was diagnosed with bipolar disorder and multiple personality disorder. Dale's mental health deteriorated to the point that he attempted suicide and spent 10 to 14 days at Grant Hospital in Columbus, Ohio when he was in his early teen years. Dale had weekly appointments after his suicide attempt.

Dale has smoked marijuana and drank alcohol while in social settings, but never did it daily. Dale's back pain became so severe that he did go to a pain clinic in Lexington for his back and leg injuries. He was prescribed Norco 10 mg, 4 times daily,

Neurontin 800 mg, 4 times daily, and a muscle relaxer to take as needed. (See last office notes attached hereto and marked as "Exhibit A".

Without question, the nature and circumstances of the offenses for which Dale has been found guilty are serious. Dale is 54 years of age with deteriorating health issues. Dale will likely suffer greater punishment than the average inmate because of the nature of the crime of conviction and because of his persistent medical issues. Please see records from KDMC attached hereto and marked as "Exhibit B". His family and friends have provided support letters for Dale, which are attached hereto and identified as "Exhibit C".

Dale has a large family consisting of many people who support him unconditionally but his parents are clearly his biggest supporters. Dale helped care for his parents prior to his incarceration, assistance that they still desperately need. It should go without saying that this past year has been difficult for Dale with the passing of his sister (with whom he was very close), his mother's medical issues, and being convicted of this serious crime.

> 2. **The need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes; (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

As previously stated, production of child pornography is a very serious crime, one that should never be taken lightly. The Court is obligated to impose a sentence in this matter that recognizes the seriousness of the crime and promotes respect for the law.

3. **The kinds of sentences available;**

As noted in Dale's Presentence Investigation Report (PSI), Dale's total offense level in this case is 43 with a Criminal History of II, resulting in a guideline range of life

in prison. Counts 1s through 5s require a mandatory minimum of 15 years and maximum of 30 years. Counts 7s through 11s require a mandatory minimum of 5 years and maximum of 20 years. Count 13 is a maximum of 10 years.

While the fine range for the instant offense is from $50,000.00 to $500,000.00, Dale's financial circumstances do not warrant a fine, and no fine is recommended by the probation officer.

4. **The kinds of sentences in the sentencing range established by the United States Sentencing Guidelines**;

Probation is not available to Dale in this case.

5. **Any pertinent policy statement established by the Sentencing Commission**;

Dale is unaware of any "pertinent policy statement established by the sentencing commission" which would have a bearing on the sentencing in this matter.

6. **The need to avoid unwarranted sentencing disparities among defendants with similar records or who have been found guilty of similar conduct; and**

When considering all the facts and circumstances of this case, there do not appear to be any unwarranted sentencing disparities presented in this case.

7. **The need to provide restitution to any victims of the offense**.

The Probation officer has recommended that the Defendant be ordered to pay restitution if requested by the victim, but the amount of restitution is undetermined at this time.

As established in *United States v. Booker*, 125 S. Ct. 738, 756 (2005), the Sentencing Guidelines are merely one of seven factors that must be considered in

determining an appropriate sentence. Consideration of the factors discussed above and their applicability to the facts and circumstances in this matter is warranted and required.

It has been said that the primary goals of the justice system are to punish wrongdoers, make victims of crime whole and to hold a person who has committed a crime accountable while attempting to rehabilitate him so he may return to the community and become a productive citizen. Dale respectfully asserts that an analysis and application of 18 U.S.C. § 3553(a)(1) and (2), along with the facts and circumstances that gave rise to this indictment, results in a conclusion that imposition of a sentence of 180 months with enrollment in a comprehensive mental health treatment program while he is incarcerated is proper.

WHEREFORE, the Defendant respectfully and humbly requests that he be sentenced to a term of incarceration as described above.

Respectfully Submitted,

/s/ Michael B. Fox_____
Michael B. Fox
Fox Law Office
P.O. Box 1450
Olive Hill, KY 41164
(606) 286-5351
(606) 286-5352 (fax)
mike@foxlaw1.com
*Counsel for Defendant, Dale Fraley*

CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2022, I electronically filed the foregoing with the clerk of the court by using CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Michael B. Fox_____