# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# ASHLAND

CRIMINAL ACTION NO. 0:19-CR-00012-S-DLB-EBA

UNITED STATES OF AMERICA                                             PLAINTIFF

V.           **UNITED STATES' SENTENCING MEMORANDUM**

DALE ALLEN FRALEY                                                 DEFENDANT

\* \* \* \* \*

This case arises from Defendant's use of two minors, H.G. and A.P., to produce sexually explicit images. Defendant lured each of the minor victims into an online romance using fake personas that appeared to be young-adult males. Using the fake personas, Defendant groomed the minor victims and eventually obtained sexually explicit images of them. Defendant then used those images to leverage the production and receipt of more sexually explicit images, threatening to give the previously obtained pictures to the minors' parents or police if they did not comply with his demands. Defendant further threatened the minor victims' families, claiming he would have the minors and their siblings sent to foster care. Using a combination of threats and manipulation, Defendant also leveraged direct sexual contact between himself and the minors, which he recorded using a smartphone. Defendant's abuse of the minor victims began when they were each approximately fourteen-years old. Defendant's abuse of H.G. spanned nearly three years while his abuse of A.P. spanned nearly eighteen months.

On May 27, 2021 a jury convicted Defendant of five counts of production of child pornography in violation of 18 U.S.C. § 2251(a); four counts of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2); one count of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2); and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B).

As detailed below, the United States requests that Defendant receive the maximum term of imprisonment for each count of conviction and that the sentences for each count run consecutively to achieve Defendant's "total punishment" under Chapter Five of the Sentencing Guidelines.[1]

## I. DEFENDANT'S GUIDELINES SENTENCE

Defendant's Presentence Report (PSR) provides a total offense level of 52 (treated as a level 43 for sentencing purposes).[2] The Sentencing Guidelines provide a term of life imprisonment based on Defendant's offense level of 43 and criminal history category of II. Despite the guidelines range of life, Defendant's term of imprisonment for each count cannot exceed the statutory maximums of thirty years for the production counts, twenty years for the receipt and distribution counts, and ten years for the possession count. If the terms of imprisonment for each count ran concurrently, Defendant's term of imprisonment would be 360 months. However, because the highest statutory maximum is less than Defendant's "total punishment" of life, the punishments for one or more counts should run consecutively to produce a combined sentence equal to the total punishment.[3]

---

[1] *See* U.S.S.G. §5G1.2(d).
[2] *See* PSR, p. 15.
[3] *See* U.S.S.G. §5G1.2(d) ("[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.").

## II. 18 U.S.C. §3553 AND THE APPROPRIATE SENTENCE

### A. History and Characteristics of the Defendant

The indictment charged Defendant with several child pornography offenses relating to two minor victims. Defendant, however, engaged in an expansive sexual extortion scheme involving multiple minors and young adults. The full breadth of Defendant's scheme should be considered in any analysis of his history and character under §3553(a)(1).

As established during trial, Defendant created multiple fake online personas, using fictitious names and pictures of attractive young-adult men. Using these personas, Defendant ensnared multiple girls into online romantic relationships, establishing an emotional connection with each girl through attention, compliments, and long conversations. Once Defendant established the romantic bond between the persona and the girl, the persona obtained sexual images of the girl. A different persona would then enter the picture to extort the girl, coercing her to send more sexually explicit images or do other acts through various threats. These threats included sharing sexually explicit images with the girl's family and friends, sharing sexually explicit images to potential colleges, sending the girl or her siblings to foster care, and reporting the girl's parents for physical and sexual abuse

At trial, K.G., A.P., H.G., and J.E. provided testimony about falling victim to this scheme. Between this testimony and other exhibits at trial, we can reasonably conclude that Defendant used this scheme to extort no less than twelve girls.[4] Defendant not only sexually exploited these girls, he subjected them to extreme levels of manipulation, control, abuse, and harassment. Defendant's willingness and ability to torment at least a dozen girls over the course of multiple years militates against any downward departure or variance and favors a lengthy sentence.

---

[4] *See* Govt. Exs. 5, 7, 11, 12, and 17.

**B. Nature and Circumstances of the Offense**

"There is no disputing that 'child pornography is . . . a serious crime,'[5] because '[it] harms and debases the most defenseless of our citizens.'"[6] These offenses "result in perpetual harm to victims and validate and normalize the sexual exploitation of children."[7] "Because the child's actions are reduced to a recording, the pornography may haunt him in future years, long after the original misdeed took place…"[8] In a recent study performed by the Canadian Centre of Child Protection, victims of child pornography offenses reported that the imagery created by their abusers (as opposed to the hands-on offenses themselves) made the victims feel powerless, ashamed and humiliated, and like they were being abused over and over.[9]

**C. Seriousness of the Offense, Promotion of Respect for the Law, and Just Punishment**

"Defendants convicted of the production of child pornography are the most culpable of the child pornography offenders" and "are, without question, deserving of lengthy sentences of imprisonment given the direct and lasting harm they inflict upon children."[10] Here, Defendant emotionally abused, manipulated, and sexually exploited the minor victims over the course of years. Defendant not only coerced the minor victims into performing sexually for him over Skype, he engaged in direct sexual contact with each of the minor victims, recording the interactions with a smartphone. The United States anticipates that each of the minor victims will provide a statement to the Court detailing the impact of Defendant's actions, including feelings of confusion, self-loathing, shame, and depression. To promote both justice and respect for the law, Defendant's

---

[5] *United States v. Pelloski*, 31 F. Supp. 3d 952, 959 (S.D. Ohio 2014) (*quoting United States v. Robinson*, 669 F.3d 767, 776 (6th Cir. 2012)).
[6] *Id.* (*quoting United States v. Williams*, 553 U.S. 285, 307 (2008)).
[7] *Id.* (*quoting* United States Sentencing Commission, Child Pornography Report, at vi.)
[8] *New York v. Ferber*, 458 U.S. 747, n.10 (1982).
[9] *See* Canadian Centre for Child Protection, *Survivors' Survey, Full Report 2017* (2017), p. 148, https://protectchildren.ca/pdfs/C3P_SurvivorsSurveyFullReport2017.pdf.
[10] *Pelloski*, 31 F. Supp. 3d at 954.

sentence should be proportional to the egregiousness of his conduct and the severe pain that he inflicted upon his victims.

### D. Deterrence

The staggering demand for child pornography and the permanent harm caused to it victims call for a deterrent sentence. Despite enforcement efforts, the prevalence of child pornography has risen sharply in recent years. According to an article by the New York Times, the number of child pornography cyber tips grew from three-thousand tips in 1998, to one hundred thousand tips in 2008, to one million tips in 2014, to forty-five million tips in 2018.[11] In addition, the Federal Bureau of Investigation recently reported a "huge increase in the number of cases involving children and teens being threatened and coerced by adults into sending explicit images online—a crime called sextortion."[12] This increase in prevalence directly translates into greater harm to children. "[A]s long as there is a demand [for] images of child pornography, there is going to be an unending stream of child abuse of children who are forced into these roles."[13] Accordingly, "[g]eneral deterrence is crucial in the child pornography context."[14]

### E. Protection of the Public from Future Crimes of the Defendant

"[P]rotection is a function of two variables: the level of risk that conduct will occur and the level of harm that will be inflicted if that conduct does occur."[15] Although this is Defendant's first conviction for a sex offense, the pattern of conduct that he engaged in here—involving a dozen

---

[11] Michael H. Keller and Gabriel J.X. Dance, *The Internet is Overrun with Images of Child Sexual Abuse. What Went Wrong?*, N.Y. TIMES, Sep. 29, 2019, https://www.nytimes.com/interactive/2019/09/28/us/child-sex-abuse.html (last accessed January 11, 2022).
[12] FBI, *Sextortion,* https://www.fbi.gov/scams-and-safety/common-scams-and-crimes/sextortion (last accessed January 11, 2022).
[13] *United States v. Miller*, 665 F.3d 114, 121 (5th Cir. 2011).
[14] *United States v. Camiscione*, 591 F.3d 823, 834 (6th Cir. 2010). *See also United States v. Bistline*, 665 F.3d 758, 767 (6th Cir. 2012) (reversing the district court for neglecting the importance of deterrence in a sentencing for possession of child pornography).
[15] *United States v. Irey*, 612 F.3d 1160, 1217 (11th Cir. 2010).

girls over the course of several years—suggests the presence of deeply ingrained beliefs and behaviors that make reoffending more likely. In addition, despite overwhelming evidence to the contrary, it does not appear that Defendant thinks he did anything wrong, making recidivism more likely. While we cannot project with any certainty whether this first significant interaction with the criminal justice system will operate to deter or rehabilitate Defendant over the long term, we know that the harm from child sexual abuse is "enormous and permanent."[16] Even assuming *arguendo* that the risk of recidivism is low, the magnitude of potential harm favors a lengthy term of imprisonment.

### F. Avoiding Unwarranted Sentencing Disparities

"Sentencing disparities are at their ebb when the Guidelines are followed, for the ranges are themselves designed to treat similar offenders similarly."[17] Accordingly, a guidelines sentence here (to include consecutive sentences under Chapter 5) would not run afoul of 18 U.S.C. § 3553(a)(6).

### G. The Need to Provide Restitution

18 U.S.C. § 3553(a)(7) contains the final factor courts are to consider when imposing sentence: "the need to provide restitution to any victims of the offense." In turn, 18 U.S.C. § 2259(a) and (b)(4) make the entry of an order of restitution mandatory in any case involving an offense contained in chapter 110, which includes the offense of which the Defendant has been convicted. However, the United States requests an additional ninety days within which to resolve the matter of restitution, pursuant to 18 U.S.C. § 3664(5). The United States also respectfully requests the Court to permit this sentencing memorandum to serve as the equivalent of the notice required by 18 U.S.C. § 3664(d)(5).

---

[16] *See Id.*
[17] *United States v. Shrake*, 515 F.3d 743, 748 (7th Cir. 2008).

### III. **CONCLUSION**

Defendant deserves a lengthy sentence given the "direct and lasting" harm that he inflicted upon A.P. and H.G.[18]

                                                     Respectfully submitted,

                                                     CARLTON S. SHIER, IV
                                                     UNITED STATES ATTORNEY

By:    s/ Mary Lauren Melton
         Assistant United States Attorney
         260 W. Vine Street, Suite 300
         Lexington, Kentucky 40507-1612
         (859) 685-4802
         FAX (859) 233-2747
         Mary.Melton@usdoj.gov

---

[18] *See Pelloski*, 31 F. Supp. 3d at 954.

CERTIFICATE OF SERVICE

On January 11, 2022, I electronically filed this motion through the ECF system, causing this pleading to be served on counsel of record.

s/ Mary Lauren Melton
Assistant United States Attorney